**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LOLA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-39-M |
| ) | |
| RENT-A-CENTER, EAST, INC. ) | |
| (doing business as Rent-A-Center) ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is scheduled for trial on the Court's October 2007 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed July 2, 2007 [docket no. 18]. On July 20, 2007, plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION

Plaintiff entered into a rental-purchase agreement (the "Agreement") on May 18, 2004 with defendant Rent-A-Center, East, Inc. ("RAC") for the rental of a refrigerator. The Agreement provided in relevant part that the initial term was for one week, which could be renewed by plaintiff on a weekly basis upon payment of $13.99, and that if plaintiff made 64 weekly payments she could obtain ownership of the refrigerator without additional consideration.

According to her allegations, plaintiff returned to her home on June 17, 2004, and "found the front door had been forced open, damaging the door jamb," and that "she saw...the refrigerator missing." (Exhibit "A" (Police Report)). Plaintiff called RAC on June 19, 2004 and learned that an RAC employee entered her home to recover the refrigerator.

On May 19, 2006, plaintiff filed this action in the District Court of Oklahoma County and asserted claims for intentional infliction of emotional distress, trespass, conversion, burglary, breach of the peace, and violation of Okla. Stat. Tit. 76, § 1. On January 9, 2007, this action was removed to United States District Court for the Western District of Oklahoma. RAC now moves for partial summary judgment on plaintiff's intentional infliction of emotional distress, burglary, breach of the peace and violation of Okla. Stat. 76, § 1 claims.

## II.   SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   DISCUSSION

    A.   Intentional Infliction of Emotional Distress Claim

Oklahoma first adopted the tort of intentional infliction of emotional distress in *Breeden v. League Servs. Corp.*, 1978 OK 27, 575 P.2d 1374. The Oklahoma Supreme Court espoused the narrow standards set forth in the Restatement (Second) of Torts § 46.[1] *Breeden*, 1978 OK 27, 575 P.2d at 1377; *Eddy v. Brown*, 1986 OK 3, 715 P.2d 74, 76. To establish a prima facie case for intentional infliction of emotional distress, plaintiff must show that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publ'n, Inc. v. Welton*, 2002 OK 50, 49 P.3d 732, 735.

Further, the Oklahoma Supreme Court recognized as the trial court's responsibility the determination in the first instance whether a defendant's conduct in a given case is sufficiently extreme and outrageous as to require submission of the case to a jury. *Eddy*, 715 P.2d at 77. Only when reasonable persons could differ, should the case be submitted to the jury. *Id.* In this manner, the trial court bifurcates its gatekeeping function from the jury's role by ensuring only valid claims reach the jury. *Id.*

        1.   Assertion as Independent Claim

In the case at bar, RAC asserts that intentional infliction of emotional distress is essentially a "gap-filler" tort, and that an action will not lie where conduct underlying the claim falls within the

---

[1] Section 46, RESTATEMENT (SECOND) OF TORTS (1977) reads, in pertinent part: "46. Outrageous Conduct Causing Emotional Distress (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

ambit of other recognized torts. RAC further contends plaintiff's claim for intentional infliction of emotional distress should fail as a matter of law because recovery is available under other recognized torts for the purported acts of RAC (including trespass and conversion, which plaintiff specifically pled in the complaint).

As set forth above, the Oklahoma Supreme Court in *Breeden* recognized intentional infliction of emotional distress as an independent tort:

> It is only recently that the law has fully recognized extreme and outrageous conduct, which intentionally or recklessly causes severe emotional distress, *as a separate and distinct basis for tort liability without the presence of elements necessary for other torts*, such as assault, false imprisonment, trespass to land, or the like.

*Id.* at 1376 (emphasis added). *Breeden* and subsequent Oklahoma Supreme Court precedents make clear that intentional infliction of emotional distress is a recognizable tort in its own respect, and a cause of action may proceed independently on this basis. *See generally Breeden*, 575 P.2d 1374; *Eddy*, 715 P.2d 74; *Computer Publ'n, Inc.*, 49 P.3d 732. Accordingly, the Court finds RAC's motion for summary judgment should be denied on this basis as to plaintiff's intentional infliction of emotional distress claim.

### 2. Prima Facie Case

A trial court acts as a gatekeeper regarding the outrageousness of a defendant's conduct and the severity of a plaintiff's distress, which represents the second and fourth elements of a claim for intentional infliction of emotional distress. *Computer Publ'n, Inc.*, 49 P.3d at 735. The second element requires proof that a defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and such conduct is regarded as atrocious and utterly intolerable in a civilized community. *Id.* In general, a plaintiff must prove that the recitation of defendant's conduct to an average member of the community would arouse the

listener's resentment against the defendant and would lead the listener to exclaim "Outrageous!". *Id.*

In the case at bar, having carefully reviewed the parties submissions, and viewing the facts and inferences favorable to the plaintiff, the Court finds plaintiff has presented sufficient evidence to warrant submission of her intentional infliction of emotional distress claim to a jury. Specifically, the Court finds that plaintiff has presented evidence which shows that RAC entered her home without her permission to retrieve possession of the refrigerator. The Oklahoma Supreme Court regards the home as having a higher standard of privacy than other locations when criminal searches and seizures are involved.[2] Although the instant proceeding is civil in nature, the Court finds that the sanctity of the home and privacy against unlawful intrusion is not to be minimized with respect to private interlopers. Government actors, with established police powers, are denied unilateral access to private homes and possessions in the course of their duties, and the Court finds this rationale should extend to private actors as well. The actions of the private interloper, impermissibly entering a private home and retrieving possessions, should not be countenanced anymore than identical actions from the state. To presume otherwise would have the effect of insulating private actors from their own intolerable standards of conduct. Accordingly, the Court finds that a jury could find outrageous or extreme conduct in this case.

The fourth element of an intentional infliction of emotional distress claim requires that a plaintiff's degree of emotional distress "be so severe that no reasonable man could be expected to

---

[2] In *Turner v. City of Lawton*, 1986 OK 51, 733 P.2d 375, the Oklahoma Supreme Court noted that it traditionally regards the home as a place affording the sanctity and peaceful enjoyment of privacy, and that the dwelling house receives the most rigid application under the law when search and seizure is involved.

endure it". *Breeden*, 575 P.2d at 1377-78, n. 6. Manifestations of emotional distress of this nature are: mental suffering, mental anguish, mental or nervous shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea. *Id*. In the case at bar, plaintiff has testified to becoming severely upset and angry, a loss of sleep, fear, anxiety and vomiting. Based upon this evidence, the Court finds that plaintiff has presented sufficient evidence to create a genuine issue of material facts as to whether plaintiff's emotional distress was so severe that no reasonable man could be expected to endure it.

The Court, therefore, finds RAC's motion for summary judgment should be denied as to plaintiff's intentional infliction of emotional distress claim.

### B. Burglary

Burglary is proscribed by Oklahoma's criminal statutes and is enforced by the state. *See* Okla. Stat. tit. 21, § 1431. There is no corresponding private right of action under the Oklahoma criminal statute for burglary. In the absence of a recognized civil action emanating from the Oklahoma burglary statute, plaintiff's burglary claim fails as a matter of law. Accordingly, the Court finds summary judgment should be granted as to plaintiff's burglary claim.

### C. Breach of the Peace

The "repossessor's greatest obstacle to self-help repossession is the requirement that repossession must be accomplished without a breach of the peace." *Marcus v. McCollum*, 394 F.3d 813, 821 (10th Cir. 2004). Under Oklahoma law, a self-help repossessor may take possession of property without judicial process only if he or she has a security interest in the targeted property and no breach of the peace takes place. *See* Okla. Stat. tit. 12A, § 1-9-609(b).

"Whether a transaction creates a lease or security interest is determined by the facts of each case." Okla. Stat. tit. 12A, § 1-201-37(b). " The Oklahoma Supreme Court instructs that the circumstances of each case must be considered in determining whether or not a breach of peace has taken place, and the jury is the judge of the facts." *Marcus*, 394 F.3d at 821.

Defendant contends that "a rental purchase agreement is not...a lease or agreement which constitutes a security interest within paragraph (37) of § 1-201 of Title 12(A) of the Oklahoma statutes..and is outside the scope of Article 9 of the Uniform Commercial Code". Defendant's Motion for Summary Judgment at 9. However, the relevant statutory section establishes that a "property interest...is not a 'security interest', but a buyer may also acquire a 'security interest' by complying with the provisions of Article 9" of the Uniform Commercial Code. *See* Okla. Stat. tit. 12A, § 1-201-37(a). While every rental purchase agreement is not necessarily a security interest within the scope of Article 9, the inquiry does not end there. Additional fact determination is needed into whether a security interest formed with a rental purchase agreement, and this will resolve whether a breach of the peace claim is applicable. This Court finds that the characterization of the rental purchase agreement is one of fact and the jury is the proper party to make this fact-based determination.[3] Accordingly, the Court finds RAC's motion for summary judgment should be denied as to plaintiff's breach of the peace claim.

D.   State Law Claim

RAC contends, Oklahoma law, Okla. Stat. tit. 76, § 1 does not establish a separate, independent cause of action for injury or harm to an individual or his or her property. This section

---

[3] The defendant does not contend that its methods of taking repossession of the property were peaceful. Therefore, the Court declines to address this issue.

provides: "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights." Okla. Stat. tit. 76, § 1.

The Court finds the Oklahoma Supreme Court's decision in *Thomas v. Casford*, 363 P.2d 856 (Okla. 1961), precludes the state law claim. In *Thomas*, the Oklahoma Supreme Court noted this statute, Okla. Stat. tit. 76, § 1, generally defines torts and may be relied upon in instituting claims in tort. *See Thomas*, 363 P.2d at 858. However, the Oklahoma Supreme Court specifically stated that "injury is an element of a cause of action and not itself a cause of action". *Id*. The Court, thus, finds plaintiff's claim for violation of Okla. Stat. tit. 76, § 1 is not actionable and summary judgment should be granted as to this claim.

## IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Summary Judgment [docket no. 18] as follows:

(A)   The Court GRANTS the Motion for Summary Judgment as to plaintiff's burglary and state law, Okla. Stat. Tit. 76, § 1, claims, and

(B)   The Court DENIES the Motion for Summary Judgment as to plaintiff's intentional infliction of emotional distress and breach of the peace claims.

**IT IS SO ORDERED this 29th day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE