IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOLA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-39-M |
| ) | |
| RENT-A-CENTER, EAST, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is plaintiff's Motion for a New Trial on the Issue of Punitive Damages Only [docket no. 75], filed October 30, 2007. On November 12, 2007, defendant filed its response, and on November 30, 2007, plaintiff replied. Based on the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

On May 19, 2006, plaintiff filed her Petition against defendant in the District Court of Oklahoma County, State of Oklahoma, alleging claims, *inter alia*, for intentional infliction of emotional distress, trespass and breach of the peace. On January 9, 2007, this action was removed to the United States District Court for the Western District of Oklahoma.

A jury trial was held from October 10, 2007, through October 15, 2007. The Court conducted a jury instruction conference with the attorneys for the parties on October 15, 2007, and ruled that Jury Instruction No. 22, the punitive damages instruction, would be sent to the jury for deliberation only as to the reckless disregard standard. Prior to instructing the jury and closing arguments, however, the Court convened a sidebar in regards to Jury Instruction No. 22. At the sidebar, defendant requested confirmation that the instruction would be amended to reflect that the

1

jury would only be considering punitive damages according to the reckless disregard standard and not the malice standard, as the Court had previously ruled. The Court confirmed its ruling and stated that Jury Instruction No. 22 and the associated Verdict Form would conform to this ruling. Plaintiff alleges that he was unfairly surprised in that the Court previously agreed to let the jury consider punitive damages according to both the reckless disregard and malice standards. At that time, the Court offered plaintiff an opportunity to review the previous record from the jury instruction conference and accommodated plaintiff's request to make her present record of objections. The Court then instructed the jury to consider the appropriateness of punitive damages based on a reckless disregard standard only. The jury returned a verdict in favor of plaintiff on her intentional infliction of emotional distress, trespass and breach of the peace claims in the amount of $35,000. The jury, however, found that defendant did not act in reckless disregard for the rights of others and punitive damages were not awarded to plaintiff. Plaintiff now moves pursuant to Federal Rule of Civil Procedure 59 for a new trial on the sole issue of punitive damages.

II.     STANDARD FOR GRANTING A NEW TRIAL

"The Seventh Amendment, which governs proceedings in federal court ... bears not only on the allocation of trial functions between judge and jury, ... it also controls the allocation of authority to review verdicts, the issue of concern here." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 432 (1996). The Amendment provides that "[i]n Suits at common law ... the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of common law". U.S. CONST. amend. VII. The Supreme Court has interpreted the reexamination clause of the Seventh Amendment as follows:

> In keeping with the historic understanding, the Reexamination Clause
> does not inhibit the authority of trial judges to grant new trials for any

> of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. That authority is large. ... [I]f it should clearly appear that the jury have committed a gross error, or have acted from improper motives, or have given damages excessive in relation to the person or the injury, it is as much the duty of the court to interfere, to prevent the wrong, as in any other case. ... The trial judge in the federal system, we have reaffirmed, has ... discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence.

*Gasperini*, 518 U.S. at 432-33 (internal citations and quotations omitted).

While the Court has discretion to intervene in appropriate circumstances, "the jury's verdict should be accepted if it is one which could reasonably have been reached". *Holloway v. Wal-Mart Stores, Inc.*, 909 F. Supp. 534, 536 (E.D. Tenn. 1995). Given the sanctity of the jury's verdict, a motion for new trial is "not regarded with favor and should only be granted with great caution". *United States v. Kelly*, 929 F.2d 582, 586 (10th Cir. 1991).

III.   DISCUSSION

Plaintiff asserts that she is entitled to a new trial on the issue of punitive damages for the following reasons: (1) the jury, based on the evidence, erred in not awarding plaintiff punitive damages; (2) the Court erred by not sending a Category II punitive damage instruction to the jury; (3) the jury mistakenly believed they had to find both recklessness and malicious intent in order to award punitive damages; (4) the Court improperly excluded evidence, including evidence surrounding other instances of defendant's custom of breaking into customers' homes; (5) the Court declined plaintiff's proposed jury instructions for scope of employment, non-delegable duty, and respondeat superior; and (6) the Court's refusal to instruct the jury on plaintiff's purported negligence claims. The Court will now address these allegations, in turn, to determine whether a new trial should be granted solely on the issue of punitive damages.

A.   Evidence at Trial

Plaintiff alleges ample evidence was presented at trial demonstrating that defendant engaged in intentional conduct with no justification or excuse, and thus violated plaintiff's rights. Plaintiff contends that the failure of the jury to appropriately consider the evidence at trial resulted in prejudicial error.

"A motion for a new trial made on the ground that the verdict of the jury is against the weight of the evidence normally presents a question of fact and not of law and is addressed to the discretion of the trial court." *Brown v. McGraw-Edison Co.*, 736 F.2d 609, 616 (10th Cir. 1984). "Thus, even if [the Tenth Circuit does] not necessarily agree with the jury's verdict, it must be upheld unless it is clearly, decidedly or overwhelmingly against the weight of the evidence." *Escue v. N. Okla. College*, 450 F.3d 1146, 1157 (10th Cir. 2006).

In the case at bar, the Court is not convinced that the verdict of the jury was clearly, decidedly, or overwhelmingly against the weight of the evidence. Although the jury heard plaintiff's allegations of impermissible break-ins committed by defendant, defendant presented considerable countervailing evidence of its no-tolerance policy, associated training and penalties concerning employee trespass into customers' homes. Furthermore, the jury heard impeachment evidence concerning plaintiff and multiple of plaintiff's witnesses, including evidence of felony convictions. After weighing the evidence and assessing the credibility of witnesses, the jury returned a verdict against defendant on plaintiff's claims of trespass, intentional infliction of emotional distress, and breach of the peace and awarded plaintiff damages of $35,000. The jury, however, "did not find that defendant acted in reckless disregard of the rights of others". Plaintiff has offered insufficient evidentiary support for the Court to conclude that the jury improperly considered evidence and

consideration of the same resulted in prejudicial error.

The Court further finds that plaintiff was required to prove her entitlement to punitive damages by clear and convincing evidence, a standard which is significantly higher then the preponderance of evidence standard applicable to her claims for trespass, breach of peace and intentional infliction of emotional distress.  Despite plaintiff's implied assertion, the Court finds it is entirely permissible for the jury to find in her favor as to liability, while contemporaneously finding against her as to punitive damages, based on the varying standards of proof each requires.

The Court finds no reason to disrupt the sanctity of the jury findings and verdict, and, therefore, plaintiff is not entitled to a new trial on these grounds.  Furthermore, the Court finds the failure to award punitive damages is not against the weight of the evidence.  Accordingly, plaintiff's motion for a new trial is denied.

### B. Jury Instruction on Punitive Damages

Plaintiff next contends that the Court erred by not sending a Category II punitive damage instruction, which is an instruction based on malice standard, to the jury.  In the Tenth Circuit, however, a district court's decision whether to give a particular instruction is within its sound discretion.  *Allen v. Minnstar*, 97 F.3d 1365, 1368 (10th Cir. 1996).  The Court is required "to determine, after examining the record as a whole, whether the instructions correctly state the applicable law and provide the jury with ample understanding of the issues and standards of the case".  *Denbo v. United States*, 988 F.2d 1029, 1034 (10th Cir. 1993) (internal citation and quotation omitted).

Plaintiff alleges the evidence presented at trial was sufficient to send to the jury an instruction concerning defendant's purported malice and evil intent.  Having reviewed the parties'

submission, the Court finds no error was committed by not sending a punitive damage instruction concerning malice and evil intent to the jury. While the record contained evidence of improper break-ins by defendant, with defendant having done so for the purpose of retrieving its property, it also contained evidence concerning defendant's no-tolerance policy toward customer break-ins, its training, and, its procedures. The Court, therefore, finds it was within its discretion to limit the instruction concerning punitive damages to reckless disregard prior to submitting the issue to the jury. Accordingly, the Court denies plaintiff's motion for new trial as to this basis.

### C. Prejudicial Error Resulting from Jury Instruction

Plaintiff also contends that she suffered prejudicial error as a result of Jury Instruction No. 22, and a new trial on the issue of punitive damages should be awarded on this basis. The Tenth Circuit has held that "[r]eversal is mandated only if an error in the jury instructions is determined to have been prejudicial, based on a review of the record as a whole." *Denbo*, 988 F.2d at 1034. "Even if the jury instructions in this case were erroneous, if the applicable principles of law were communicated to the jury-through the arguments or evidence, for example-then [plaintiff] does not deserve a new trial." *Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 452 (7th Cir. 2001). "The test of adequacy of instructions properly challenged ... is not one of technical accuracy in every detail. It is simply the practical one of whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Spell v. McDaniel*, 824 F.2d 1380, 1395 (4th Cir. 1987) (citing 9 Wright & Miller, *Fed. Practice & Procedure: Civil*, § 2558 (1971)).

Plaintiff alleges that a prejudicial error occurred because Jury Instruction No. 22 was

confusing, and this error deflected the jury's attention from an element of damages with substantial evidentiary support. Specifically, plaintiff references a note the jury sent to the Court during the course of jury deliberations seeking clarification of the instruction complained of and of the verdict form.[1] Plaintiff states that the text of the note and the arrow therein make it apparent the jurors were confused by either the instruction itself or the erroneous title. Plaintiff contends that the jury either anticipated being able to punish defendant based on an intentional and with malice standard, or believed that the instruction required the jury to conclude the necessity of both recklessness and malicious intent, a result clearly not sanctioned by Oklahoma law. As a matter of either direct error or confusing ambiguity, plaintiff asserts she suffered substantial prejudice by the introduction of a legal red herring in the form of the purported juror expectation that additional evidence on intent or malice must precede the award of punitive damages.

Having reviewed the parties' submissions, the Court finds that the instant jury instruction non-prejudicially stated the governing law. Jury Instruction No. 22 speaks to the question of whether defendant acted in reckless disregard of the rights of others. The instruction and verdict form follow almost verbatim Oklahoma Uniform Jury Instruction Numbers 5.6 and 5.7. Further, before submitting the instruction to the jury, the Court, pursuant to its ruling, omitted the requirement that plaintiff by clear and convincing evidence must prove that defendant acted intentionally and with malice. Furthermore, the associated verdict form followed the language plaintiff requested in her proposed jury instructions almost identically.

In terms of plaintiff's argument that the jury was confused and mistakenly believed it would have another opportunity to award punitive damages under a different standard of conduct, the Court

---

[1] *See* Jury Questions, Responses & Notes, at 4 [docket no. 67].

finds that the jury instruction clearly states differently. Jury Instruction No. 22, in pertinent part, reads:

> If you find that defendant acted in reckless disregard of the rights of others, you may award punitive damages against defendant in a later part of this trial. If you find that defendant did not act in reckless disregard of the rights of others, you may not award punitive damages against defendant.

Based on the above-stated language, the Court finds the jury was informed of the consequences of the decision they reached, and that punitive damages would not be assessed if the jury found defendant had not acted with reckless disregard. Because the appropriateness of punitive damages is peculiarly an issue left to the discretion of the jury, *Calvert v. J.B. Hunt Transport, Inc.*, 856 P.2d 1011, 1013 (Okla. Civ. App. 1993), the Court declines to upset the jury verdict in the absence of prejudicial error. The Court also finds that the erroneous title on the verdict form was a technical error in detail, and that the instructions as a whole were communicated to the jury. Accordingly, the Court denies plaintiff's motion for new trial as to this basis.

### D.  Exclusion of Evidence

Plaintiff argues the Court improperly excluded evidence, including other instances regarding defendant's custom of breaking into customers' homes. According to plaintiff, the Court improperly did not permit testimony from defendant's former employees concerning other instances of breaking and entering as custom/habit evidence of defendant's illegal collection efforts. Plaintiff also alleges that the Court improperly granted a motion to quash plaintiff's subpoena of defendant's president Mitch Fadel who drafted a memo specifically discussing trespass.

"[I]f there is an error in the admission or exclusion of evidence, [the Court] will set aside a jury verdict only if the error prejudicially affects a substantial right of a party." *Hinds v. Gen.*

*Motors Corp.*, 988 F.2d 1039, 1049 (10th Cir. 1993).  "The effect on the jury of evidence can only be prejudicial if it can be reasonably concluded that with or without such evidence, there would have been a contrary result." *Id.*

The Court, having reviewed the parties' submissions, finds that the exclusion of evidence in the instant case did not result in prejudicial error.  The Court made certain evidentiary rulings before trial via plaintiff's and defendant's motions in limine and, furthermore, at trial regarding the admissibility of a similar cause of action involving defendant.  The Court, for example, disallowed use of settlement agreements in other causes of action in the instant action and disapproved use of certain testimony by defendant's former employees either as propensity evidence or as unduly prejudicial.  However, plaintiff has failed to demonstrate with supporting authority how the exclusion of this evidence was in error and prejudicially affected her substantial rights.  The Court, therefore, denies plaintiff's motion for new trial as to the improper exclusion of evidence.

### E. Plaintiff's Proposed Jury Instructions

Plaintiff next contends that the Court's refusal to give the jury her proposed instructions concerning the scope of employment, non-delegable duty, and respondeat superior resulted in prejudice.  As stated, a district court's decision whether to give a particular instruction is within its sound discretion.  *Allen*, 97 F.3d at 1368.  The Court, in this instance, examined the record as a whole and provided ample instruction to the jury even in the absence of plaintiff's proposed instructions concerning the scope of employment and respondeat superior.  The Court also finds that an instruction as to non-delegable duty is inapplicable to the instant case; plaintiff's claims alleged misconduct against defendant itself, not against a third party agent or independent contractor.  Accordingly, the Court denies plaintiff's motion for new trial as to the refusal to give the jury her

proposed instructions.

### F. Negligence Claims

Plaintiff's final contention is that the Court's refusal to allow her negligence claims as set forth in the Amended Pretrial Report resulted in prejudice. Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief". In this case, plaintiff first asserted her negligence claims in the Pretrial Report filed September 20, 2007, less than a month before trial. Plaintiff's negligence claims were not asserted in her state court petition, nor at any time did she request an amendment to assert these claims. Based upon these facts, the Court finds that it was appropriate to preclude these claims. Because plaintiff improperly asserted her negligence claims at a late stage in the litigation, the Court, therefore, denies plaintiff's motion for new trial as to her negligence claims.

### IV. CONCLUSION

The Court, based on the foregoing, DENIES plaintiff's motion for new trial on the issue of punitive damages only.

**IT IS SO ORDERED this 25th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE